J-S61036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
STEVEN THOMAS SIEGEL, :
:
Appellant : No. 273 WDA 2016

Appeal from the PCRA Order February 9, 2016
in the Court of Common Pleas of Erie County,
Criminal Division, No(s): CP-25-CR-0002769-2011

BEFORE: PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED AUGUST 16, 2016**

Steven Thomas Siegel ("Siegel") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On August 8, 2008, Siegel shot a gas station attendant twice in the head with a .22 caliber bolt action rifle, while attempting to rob the gas station. The attendant survived the gunshot wounds. On March 20, 2011, a jury found Siegel guilty of attempted homicide, robbery, aggravated assault, criminal conspiracy to commit robbery, recklessly endangering another person, possession of instruments of crime, terroristic threats, theft by unlawful taking or disposition, and receiving stolen property. The trial court sentenced Siegel to 23 to 50 years in prison, to be followed by 15 years of probation. This Court affirmed the judgment of sentence. **See**

*Commonwealth v. Siegel*, 69 A.3d 1300 (Pa. Super. 2013) (unpublished memorandum).

In December 2013, Siegel filed his first PCRA Petition. The PCRA court appointed Siegel counsel, who filed an amended PCRA Petition. Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. The PCRA court subsequently dismissed the Petition. This Court affirmed the dismissal. *See Commonwealth v. Siegel*, 125 A.3d 453 (Pa. Super. 2015) (unpublished memorandum).

On October 28, 2015, Siegel filed the instant *pro se* PCRA Petition. The PCRA court issued a Rule 907 Notice of Intent to Dismiss. Siegel filed Objections to the Rule 907 Notice. The PCRA court then dismissed the Petition. Siegel filed a timely Notice of Appeal.

On appeal, Siegel presents the following questions for our review:

1. Is this [P]etition untimely due to 42 Pa.C.S.[A.] § 9545(b)(1) [being] unconstitutional?

2. Was PCRA counsel, Christine Konzel, ineffective for failing to respond to [Siegel's] timely request for a *Grazier*[1] hearing?

3. Was PCRA counsel, Christine Konzel, ineffective for not raising direct appeal counsel, Tina Fryling's ineffectiveness because direct appeal counsel did not raise and after-discovered evidence claim?

Brief for Appellant at 1 (some capitalization omitted, footnote added).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court

---

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Siegel's judgment of sentence became final on April 22, 2013,[2] when the time to seek review with the Supreme Court of Pennsylvania expired. **See Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014). Siegel had until April 22, 2014, to file a timely PCRA Petition. Therefore, Siegel's 2015 Petition is facially untimely.

However, in the event that a petition is not filed within the one-year time limitation, the PCRA provides three timeliness exceptions: (1) the failure to raise the claim was the result of government interference; (2) the

---

[2] Thirty days after March 22, 2013, when this Court issued its direct appeal decision, is Sunday, April 21, 2013.

- 3 -

facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively.  42 Pa.C.S.A. § 9545(b)(1)(i-iii).  Any PCRA petition invoking one of these exceptions shall be filed within sixty days of the date the claim could have been presented.  *Id.* § 9545(b)(2).

Here, Siegel did not plead or prove any timeliness exceptions.[3] Accordingly, the PCRA court properly dismissed Siegel's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2016

---

[3] Siegel raises various ineffective assistance of counsel claims.  However, such claims do not implicate a timeliness exception.  *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (stating that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."); *see also Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009) (noting that claims of PCRA counsel's ineffectiveness cannot be raised for first time on appeal or in a serial petition as appellant could have raised the claim in response to the PCRA court's notice of intent to dismiss, when the PCRA court still had jurisdiction).  We also note that Siegel argues that the 42 Pa.C.S.A. § 9545(b)(1) is unconstitutional.  However, our Supreme Court has held that the PCRA's time limitations and its exceptions are constitutional.  *See Commonwealth v. Peterkin*, 722 A.2d 638, 643 (Pa. 1998).